IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| **COURTNEY SPENCER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MENTAL HEALTH RESOURCES, INC.**<br><br>**Defendant.** | **No.** |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Courtney Spencer ("Plaintiff") files this Original Class and Collective Action Complaint ("Complaint") against Mental Health Resources, Inc. ("Defendant"), and in support states the following:

**Nature of this Lawsuit**

1.  Defendant is a non-profit organization that provides mental health case management services for individuals enrolled in government sponsored health insurance plans.

2.  Defendant employed Plaintiff to perform case management services for its health plan customers.

3.  Defendant employed Plaintiff and other individuals in non-managerial positions in New Mexico to perform case management functions under various job titles containing the terms, "Care Coordinator," "Case Manager" or "Community Support Worker" (collectively, "Care Coordination Employees" or "CEEs").

4.  Defendant paid some or all CCEs a salary.

5.  Defendant's CCEs regularly worked over 40 hours per week.

1

6. Defendant classified CCEs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

7. Defendant's CCEs primarily performed non-exempt work, including collecting information to document health plan participants' medical circumstances (data collection); inputting that information into Defendant's computer system (data entry); following established guidelines to maximize utilization of plan resources through the application of predetermined criteria (utilization review); coordinating care by performing ministerial tasks such as arranging appointments and referrals and obtaining necessary authorizations from individuals (care coordination); supplying health plan participants with additional information and resources to allow them to educate themselves about their health plans (education); and other similar work (collectively, "Care Management Work").

8. Plaintiff brings this action on behalf of themselves and other similarly situated CCEs who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

9. Plaintiff also brings class action claims under New Mexico state law under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq.*

10. Plaintiff brings their NMMWA claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other CCEs for all earned overtime pay.

11. Defendant began classifying CCEs as exempt from the NMMWA's overtime protections at least three years prior to the filing of this Complaint.

12. Defendant continues to classify some or all CCEs as exempt from the NMMWA's overtime protections as of the date of filing this Complaint.

13. Because Defendant violated the NMMWA as part of a continued course of conduct, this action should encompass all violations that occurred as part of Defendant's continued course of conduct without regard to the date on which they occurred pursuant to NMMWA § 50–4–32.

**The Parties**

14. Plaintiff worked for Defendant as a Care Coordination Employee in this Judicial District from July 11, 2018 to June 18, 2019.

15. Defendant is a New Mexico corporation.

16. Defendant has its principal place of business in this District.

**Jurisdiction and Venue**

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

18. This Court has supplemental jurisdiction over Plaintiff's NMMWA claim under 28 U.S.C § 1367(a) because it arises out of the same facts as Plaintiff's FLSA claims.

19. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

**Factual Allegations**

20. Plaintiff worked as a Care Coordination Employee for Defendant.

21. During her employment, Plaintiff primarily performed Care Management Work.

22. The minimum qualifications set by Defendant to work as a Care Coordination Employee did not require a clinical license of any kind.

23. The minimum qualifications set by Defendant to work as a Care Coordination Employee did not require licensure from a state licensing board as a Licensed Practical Nurse, Registered Nurse, Social Worker, Psychologist, Medical Doctor, or Counselor.

24. The minimum qualifications set by Defendant to work as a Care Coordination Employee required a bachelor's degree from a college or university.

25. The minimum qualifications set by Defendant to work as a Care Coordination Employee did not require master's degree or any other type of advanced degree from a college or university.

26. During her employment with Defendant, Plaintiff did not possess a clinical license of any kind.

27. During her employment with Defendant, Plaintiff held a bachelor's degree.

28. During her employment with Defendant, Plaintiff did not hold a master's degree or advanced degree in any field.

29. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

30. During her employment with Defendant, Plaintiff's job duties did not include providing traditional nursing care in a clinical setting.

31. During her employment with Defendant, Plaintiff's job duties did not include providing direct care to treat medical or psychological issues.

32. During her employment with Defendant, Plaintiff's job duties did not include exercising clinical judgment to treat or diagnose either medical or psychological issues.

33. During her employment with Defendant, Plaintiff did not customarily and regularly oversee the work of two or more employees.

34. During her employment with Defendant, Plaintiff never hired or fired another employee.

35. Defendant required Plaintiff to work over 40 hours in one or more individual workweeks in the last three (3) years.

36. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks in the last three (3) years.

37. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NMMWA.

38. Because Plaintiff performed non-exempt work, Defendant should have classified her as non-exempt.

39. Defendant paid Plaintiff a salary.

40. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay for hours worked over 40 hours.

41. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

42. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and the NMMWA, in N.M. Stat. Ann. § 50-4-21(b).

43. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendant had been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Specifically, Plaintiff

and the Class Members handled materials, including computer and other equipment, to perform their duties.

45. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

46. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

47. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

48. Defendant maintained one or more common job descriptions for the CCEs.

**Continuing Course of Conduct Allegations**

49. In 2009, the New Mexico 49th Legislature unanimously passed—and the governor signed—House Bill 489. House Bill 489 became effective June 19, 2009. With House Bill 489's passage, the statute of limitations for wage claims, including unpaid overtime claims under the NM Wage Act, was extended from one year to three years. NMSA 1978 § 37-1-5. Also, effective June 19, 2009, the statute of limitations under the NM Wage Act is tolled when the violation is part of a "continuing course of conduct." Id. § 50-4-32.

50. Defendant has been in operation in New Mexico since 1977.

51. Defendant has employed one or more CCEs since at least June 19, 2009.

52. Continuing after June 19, 2009 until at least February 10, 2018, Defendant paid one or more of its CCEs on a salary basis.

53. Continuing after June 19, 2009 until at least February 10, 2018, Defendant has denied overtime pay to at least one CCE paid on a salary basis who worked over 40 hours per workweek.

**Collective Action Allegations**

54. Plaintiff bring their FLSA claims as a collective action.

55. Plaintiff's consent form to participate in this collective action is being filed simultaneously with the Court.

56. The collective action is defined as follows:

All individuals employed by Defendant as CCEs in New Mexico in the last three years who were paid a salary and were classified as exempt from overtime ("Collective Action Members").

57. Plaintiff is similarly situated to potential Collective Action Members because they were paid the same way and performed the same primary job duties.

58. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

59. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

60. Of employees Defendant classified as exempt and who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

61. Defendant maintained one or more common job descriptions for CCEs.

62. Defendant has the names and addresses for potential Collective Action Members in its payroll or personnel records.

63. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

64. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

65. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime because they primarily performed non-exempt work.

**Class Action Allegations**

66. Plaintiff brings her NMMWA claims as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

67. The class is defined as follows:

All individuals employed by Defendant as CCEs in New Mexico who were classified as exempt and paid on a salary basis since the date Defendant began classifying CCEs as exempt and paying them on a salary basis ("the Class").

68. The Class has more than 40 members.

69. As a result, the Class is so numerous that joinder of all members is not practical.

70. There are questions of law or fact common to the Class, including: (1) whether members of the Class primarily performed non-exempt work; (2) whether Defendant violated the NMMWA by refusing to pay members of the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified members of the Class as exempt from the overtime provisions of the NMMWA.

71. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

72. Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

73. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

74. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

75. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

76. The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

77. Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

78. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

79. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

80. The books and records of Defendant are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

81. Because Defendant began classifying CCEs as exempt prior to July 12, 2018, the class action claims should encompass all violations that occurred as part of Defendant's continued course of conduct without regard to the date on which they occurred pursuant to NMMWA § 50–4–32.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

82. Plaintiff incorporates here the previous allegations of this Complaint.

83. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and Collective Action Members when they worked over 40 hours in individual workweeks.

84. Plaintiff was not exempt from the overtime provisions of the FLSA.

85. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

86. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

87. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

88. Defendant paid Plaintiff a salary.

89. Defendant paid other Collective Action Members a salary.

90. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

91. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

92. Defendant's violations of the FLSA were willful because they received complaints from CCEs that alerted Defendant that they were paying one or more of those employees incorrectly.

93. Alternatively, Defendant's violations were willful because they classified other employees who performed many of the same primary job duties as CCEs as non-exempt from the FLSA's overtime requirements.

WHEREFORE, Plaintiff, individually and on behalf the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Liquidated damages equal to the unpaid overtime compensation due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as this Court deems appropriate.

## COUNT II
### Violation of the New Mexico Minimum Wage Act
### (Class Action)

94. Plaintiff incorporates here the previous allegations of this Complaint.

95. This count arises from Defendant's violation of the NMMWA for its failure to pay Plaintiff and the Class overtime pay when they worked over 40 hours in individual workweeks.

96. Defendant classified Plaintiff as exempt from the overtime provisions of the NMMWA.

97. Defendant classified the Class as exempt from the overtime provisions of the NMMWA.

98. Plaintiff was not exempt from the overtime provisions of the NMMWA.

99. The Class was not exempt from the overtime provisions of the NMMWA.

100. Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

101. The Class was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

102. Defendant violated the NMMWA by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

103. Defendant has violated the NMMWA as part of a continued course of conduct as defined by the NMMWA in N.M. Stat. Ann. in § 50-4-19.

104. Defendant violated the NMMWA as part of a continuing course of conduct as defined by the NMMWA in N.M. Stat. Ann. in § 50-4-19.

WHEREFORE, Plaintiff, on behalf of herself and the Class, seek a judgment against Defendant as follows:

    A.    All unpaid overtime wages due to Plaintiff and the Class;

    B.    For an Order certifying the NMMWA claims as a Class Action pursuant to Fed. R. Civ. P. 23;

    C.    For an Order awarding Plaintiff and the Class damages for all violations, regardless of the date on which they occurred, as a result of Defendant's continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

    D.    Treble damages equal to double the unpaid overtime compensation due;

    E.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    F.    Such other relief as this Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

        Respectfully submitted,

        s/Jack Siegel

        TRAVIS M. HEDGPETH
        Texas Bar No. 24074386
        **THE HEDGPETH LAW FIRM, PC**
        3050 Post Oak Blvd., Suite 510
        Houston, Texas 77056
        Telephone: (281) 572-0727
        Facsimile: (281) 572-0728
        travis@hedgpethlaw.com

        JACK SIEGEL
        Texas Bar No. 24070621
        STACY W. THOMSEN
        California Bar No. 274282
        **SIEGEL LAW GROUP PLLC**
        4925 Greenville Avenue, Suite 600
        Dallas, Texas 75206
        P: (214) 790-4454
        stacy@siegellawgroup.biz
        jack@siegellawgroup.biz

        **Attorneys for Plaintiff and others similarly situated**

## CERTIFICATE OF SERVICE

      Service of this Complaint will be made upon Defendant along with a copy of the summons to be issued by the clerk according to the federal rules of civil procedure.

        */s/ Jack Siegel*
        Jack Siegel