IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COURTNEY SPENCER, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                          Case No. 1:21-cv-00121-MIS-JMR

MENTAL HEALTH RESOURCES, INC.,

      Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff Courtney Spencer's Motion for Summary Judgment, ECF No. 93, filed April 23, 2024. Defendant Mental Health Resources, Inc. ("MHR") filed a Response on May 7, 2024, ECF No. 95, to which Plaintiff replied on May 21, 2024, ECF No. 102. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY the Motion.

## I. BACKGROUND

On February 12, 2021, Plaintiff filed a Class and Collective Action Complaint against her former employer, Mental Health Resources, Inc., alleging unpaid overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") (Count I), and the New Mexico Minimum Wage Act, N.M. Stat. Ann. 50-4-22(D), ("NMMWA") (Count II). ECF No. 1.[1]

---

[1] Count I is asserted as a collective action under the FLSA, ECF No. 1 ¶¶ 82-93, while Count II is asserted as a class action under the NMMWA, *id.* ¶¶ 94-104.

On September 26, 2021, Plaintiff filed a Motion for Step-One Notice Pursuant to the Fair Labor Standards Act, seeking *conditional* certification of a collective action under the FLSA. ECF No. 19. On August 1, 2022, the Court issued an Order granting Plaintiff's Motion. ECF No. 28. On August 15, 2022, Plaintiff submitted a Proposed Notice to prospective opt-in plaintiffs, ECF No. 30-1, to which Defendant filed Objections, ECF No. 32-1. On October 28, 2022, the Court issued an Order overruling Defendant's Objections, approving Plaintiff's Proposed Notice, and authorizing notice to prospective opt-in plaintiffs. ECF No. 34. In addition to Courtney Spencer, ECF No. 2-1, nine plaintiffs have opted into the collective action: Kaylamarie Guthals, ECF No. 35-2; Precious Yarborough, ECF No. 35-3; Tyler Bock, ECF No. 35-4; Manuel Blea, ECF No. 35-5; Abigail Legler, ECF No. 36-1; Verla Chavez, ECF No.

MHR is a non-profit entity which employed Plaintiff from July 11, 2018, to June 18, 2019. ECF No. 93 at 1, ¶¶ 1-2; *see also* ECF No. 95 at 1.[2] MHR has waived the affirmative defenses available under the FLSA, administrative exemption and professional exemption for overtime pay. *Id.* at 2, ¶¶ 7-13; *see also* ECF No. 95 at 1-2. The parties dispute whether Plaintiff worked unpaid overtime hours during the course of her employment at MHR. *See id.* at 2, ¶ 6; ECF No. 95 at 2.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once that threshold is met, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. In applying the summary judgment standard, the court "view[s]

---

36-2; David McDowell, ECF No. 36-3; Kathy Paiz, ECF No. 37-1; and Reda Allison, ECF No. 38-1. The Court dismissed the claims of an additional collective action Plaintiff, DanielRay Smith, with prejudice. ECF No. 92.

　　　At a May 15, 2024, hearing before United States Magistrate Judge Jennifer M. Rozzoni, counsel for Plaintiff stated that he intends to file a motion for class action certification. *See* ECF No. 100 at 2. Judge Rozzoni established a July 18, 2024, deadline to file any such motions. *See id.*; *see also* ECF No. 101 at 2. Plaintiff did not file a motion to certify class by the established deadline. At this time, Defendant has not filed a motion to decertify the collective action. Because the instant Motion seeks summary judgment on the issue of liability, and not damages, the Court can decide the instant Motion without reference to the collective.

[2]　　　For purposes of this Motion for Summary Judgment, the Court resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. *See* Section II *infra*.

　　　The Court has chosen to include only proffered facts that are material to the present Motion or helpful for background purposes. To the extent a fact has been omitted, the Court hereby deems such fact immaterial to the present Motion. In addition, per Local Rule 56.1(b), all material facts set forth in the motion for summary judgment and response will be deemed undisputed unless specifically controverted. D.N.M.LR-Civ. 56.1(b).

the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted).

## III.   DISCUSSION

Plaintiff argues that "[u]nder the FLSA and NMMWA, an employer must pay overtime compensation to its nonexempt employees who work more than forty hours a week." ECF No. 93 at 4. To support her claim that Defendant failed to comply with the FLSA and NMMWA's overtime provisions, Plaintiff cites solely to Defendant's Answer, ECF No. 8 at 9, ¶ 35, in which Defendant denies the allegation that Plaintiff worked more than forty hours in a workweek. *Id.*

Defendant responds that Plaintiff has not met her burden of proof and is improperly placing it on Defendant because, even though Defendant is not asserting available affirmative defenses, the Plaintiff must still prove that she worked more than forty hours in a workweek and was not paid for those excess hours. *See* ECF No. 95 at 2-3 (citing *Celotex*, 477 U.S. at 322 (holding that summary judgment is appropriate when the moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); 29 U.S.C. § 207(a)(1); N.M. Stat. Ann. § 50-4-22(D)). Defendant argues that Plaintiff confirmed in her deposition that she has no documentary evidence that she worked excess hours without pay and her claim is based on her memory. *See* ECF No. 95 at 3 (citing Ex. A, Dep. of Courtney Spencer at 64:18, 65:12-17, 76:12-15, 78:25-79:4, ECF No. 95 at 7-9).

Plaintiff replies that Defendant does not provide any evidence controverting her deposition testimony that she worked excess hours without pay. ECF No. 102 at 1-2.

To succeed at trial, Plaintiff bears the burden to prove that she worked more than forty

hours in a workweek for Defendant and that Defendant did not pay for those excess hours. *See* 29 U.S.C. § 207(a)(1); N.M. Stat. Ann. § 50-4-22(D). Plaintiff points to no evidence supporting her allegations that she worked hours in excess of forty hours in a workweek and that Defendant failed to compensate her for her time worked. *See* ECF No. 93 at 2; ECF No. 102 at 1-2. Therefore, as the moving party on a motion for summary judgment, Plaintiff does not meet her burden to demonstrate that there is no genuine dispute that she worked more than forty hours in a workweek and that Defendant did not pay for hours worked. *Celotex*, 477 U.S. at 322; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Defendant in turn provides deposition testimony that Plaintiff relies solely on her memory to assert her allegations. *See* ECF No. 95 at 3. A reasonable jury could return a verdict for Defendant because the evidence is testimony solely reliant on witness memory. *See Anderson*, 477 U.S. at 248. Viewing evidence in the light most favorable to the Defendant, as nonmoving party, *Parker Excavating*, 863 F.3d at 1220, Defendant has met its burden—designating the hours worked and whether those hours went unpaid as genuine issues for trial, *Celotex*, 477 U.S. at 324.

The Court finds that summary judgment is inappropriate because the movant fails to show that no genuine dispute exists as to the material facts underlying her claim. *See* Fed. R. Civ. P. 56(a); *see also Anderson*, 477 U.S. at 248; 29 U.S.C. § 207(a)(1); N.M. Stat. Ann. § 50-4-22(D). Therefore, Plaintiff is not entitled to judgment as a matter of law. *Id.*; *see Celotex*, 477 U.S. at 322-23.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [ECF No. 93] is **DENIED**.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE