IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COURTNEY SPENCER, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

                                                                   Case No. 1:21-cv-00121-MIS-JMR

MENTAL HEALTH RESOURCES, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION STRIKE DECLARATIONS OF SUSAN FACKLER AND BRAD RIKEL

THIS MATTER is before the Court on Plaintiff Courtney Spencer's Motion to Strike Declarations of Susan Fackler and Brad Rikel, ECF No. 126, filed August 1, 2024. Defendant Mental Health Resources, Inc. ("MHR") filed a Response on August 22, 2024, ECF No. 129, to which Plaintiff replied on September 5, 2024, ECF No. 134. On order from the Court, Defendant filed a Surreply, ECF No. 141, on October 18, 2024. Also o n October 18, 2024, MHR filed an Amended Declaration of Brad Rikel, ECF No. 142, with leave from the Court. In its Response, MHR withdrew Susan Fackler's Declaration. ECF No. 129 at 4. Therefore, the Court construes the instant Motion as one to strike the declaration of Brad Rikel, does not consider whether the Declaration of Susan Fackler should be stricken, and will not consider the Declaration of Susan Fackler in its analysis of any motion for summary judgment. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY the Motion.

    **I.**      **BACKGROUND**

On February 12, 2021, Plaintiff filed a Class and Collective Action Complaint against her former employer, Mental Health Resources, Inc., alleging unpaid overtime wage violations under

the Fair Labor Standards Act and the New Mexico Minimum Wage Act while employed as a Care Coordinator. ECF No. 1. On July 18, 2024, Defendant filed a Motion for Summary Judgment on the grounds that Plaintiff cannot prove an essential element of her claim, namely that she worked more than forty hours in a workweek for Defendant and was not compensated for the alleged overtime. ECF No. 123 at 1-2. In support of its undisputed material fact that Plaintiff "did not work more than 40 hours per week for which they were not compensated[,]" *id.* at 3, Defendant attached the Declaration of Brad Rikel, Executive Director of MHR, ECF No. 123-3 at 3-5, and an Amended Declaration of Brad Rikel, ECF No. 142, correcting Bates numbers on discovery produced on January 26, 2024, and March 8, 2024, *see* ECF No. 141 at 2-3.

In his Amended Declaration, Mr. Rikel stated that as part of his role as Executive Director of MHR he has "familiarity with the electronic digital storage of information in the database location where MHR staff members document services rendered to clients in the Electronic Health Record." ECF No. 142 ¶ 2. He "reviewed all the entries made by Plaintiff Courtney Spencer and by the nine additional Opt-in Plaintiffs in this case into the Client Services Listing[.]" *Id.* ¶ 5. The Client Services Listing is a log of work performed for clients by all clinical staff, including Care Coordinators, and indicates the date, time, and length of service provided in fifteen-minute increments. *Id.* ¶ 3. Each clinical staff member has a unique username and password to make entries into a client's digital record through the "Clinician Home Page – Progress Notes Tab." *Id.* ¶¶ 2, 6. The documented services are protected by the privacy rule under the Health Insurance Portability and Accountability Act. *See id.* ¶ 2.

On August 1, 2024, Plaintiff filed the instant Motion to Strike Mr. Rikel's Declaration "as inappropriate and inadmissible and in violation of Defendant's disclosure obligations." ECF No. 126 at 1.

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In the Tenth Circuit,

> [a]t the summary judgment stage, evidence need not be submitted "in a form that would be admissible at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Parties may, for example, submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form. *Bryant v. Farmers Ins. Exch.,* 432 F.3d 1114, 1122 (10th Cir. 2005). Nonetheless, "the content or substance of the evidence must be admissible." *Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 485 (10th Cir. 1995). Thus, for example, at summary judgment courts should disregard inadmissible hearsay statements *contained* in affidavits, as those statements could not be presented at trial in any form. *See Hardy v. S.F. Phosphates Ltd. Co.,* 185 F.3d 1076, 1082 n. 5 (10th Cir. 1999).

*Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

Federal Rule of Civil Procedure 37(c)(1) prohibits a party from using information or a witness if the party fails to disclose as required by Rule 26(a). Relevant here, Federal Rule of Civil Procedure 26(a)(2) requires additional disclosures of expert witnesses and written reports ninety days prior to trial or, if provided as a rebuttal witness, thirty days from the other party's disclosure.

## III. DISCUSSION

Plaintiff appears to argue that Mr. Rikel's Declaration is improper hearsay and expert testimony using two-fold reasoning: (1) Mr. Rikel's Declaration is not based on personal knowledge because "Mr. Rickel's [sic] declaration does not address any of [Defendant's initial disclosures] in his declaration[,]" ECF No. 126 ¶ 1; *see also id.* ¶ 21 (arguing that Defendant "chose not to attach the records that Mr. Rikel reviewed and forms the basis of his opinion"), and

3

"declarations concerning time cards, and PayClock and Paylocity records, Client Services Listing are the purview of expert testimony and thereby would be subject to Fed. R. Evid. 703[,]" *id.* ¶ 22.

Defendant responds that Mr. Rikel is providing a statement as a lay witness and that Mr. Rikel's statement is sufficient to establish personal knowledge because he states that he has familiarity with and understanding of the documents as part of his role as Executive Director and that he reviewed the documents. ECF No. 129 at 3 (citing ECF No. 123-3; *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005); *United States v. Neal*, 36 F.3d 1190, 1206 (1st Cir. 1994); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990)). Defendant also argues that the documents that Mr. Rikel reviewed would survive a hearsay objection because they are business records and Plaintiff provided the contents of the documents that Mr. Rikel reviewed. *Id.* at 4 (citing Fed. R. Evid. 803(6)). Defendant adds that the documents relied upon by Mr. Rikel were not included as exhibits to their Response because the documents far exceed the local rules limit of 50 pages. *Id.* at 5 (citing D.N.M. LR-Civ. 10.5). In the alternative, Defendant provided the Bates numbers of the documents within the Declaration and added that the documents can be submitted with leave from the Court. *Id.*

Plaintiff replies that Mr. Rikel "fails to explain his familiarity" with the electronic record management system which is "central to the Plaintiff's Motion to Compel[.]" ECF No. 134 at 2. Plaintiff argues that the affidavit contains double hearsay because the logs contain third-party descriptions, *id.* at 3 (citing *Thomas*, 48 F.3d at 485), and "[t]he declarant is summarizing information from documents, and unless those documents are introduced as evidence and properly authenticated, this testimony constitutes hearsay[,]" *id.* Plaintiff also argues that Mr. Rikel did not review the documents he claims because he provided incorrect Bates numbers for the documents he relied upon. *See id.* at 4. Plaintiff adds that Mr. Rikel provides expert, not lay, testimony because

4

no "normal person would form [the opinion] without irrational leaps of logic." *See id.* at 5-7 (citations omitted).

Upon order from the Court, ECF No. 136, Defendant filed a Surreply with corrected Bates numbers, explanation for the mistaken number, and clarification that the correct documents were already provided to Plaintiff in discovery, ECF No. 141. With leave from the Court, Defendant filed an Amended Declaration of Mr. Brad Rikel (hereinafter "Declaration"). ECF No. 142.

First, a declarant that has viewed a document has personal knowledge. *See Bryant*, 432 F.3d at 1123; *see also* Fed. R. Evid. 602. Additionally, personal knowledge may be inferred by an individual's position. *See id.*

The Court finds that Mr. Rikel has established that he has personal knowledge of the statements made in his Declaration. *See* Fed. R. Evid. 602. In Defendant's Initial Disclosures, Defendant indicates that "Brad Rikel may provide testimony regarding his knowledge of MHR's policies and procedures, the status and duties of Care Coordinators at MHR and *other matters alleged in the Complaint*." ECF No. 126-1 at 1 (emphasis added). Mr. Rikel, as Executive Director of MHR, is in a position to have comprehensive knowledge of the organization. *See* ECF No. 142 ¶ 1; *compare Argo*, 452 F.3d at 1200 (holding that a co-worker of plaintiff employed by defendant "was not in a position to acquire such comprehensive knowledge" related to performance and discipline of every employee). Mr. Rikel stated that he has familiarity with the electronic record management system and reviewed the documents upon which he based his Declaration.[1] *Id.* ¶¶ 2, 5.

---

[1] Defendant attributes the error in Bates numbers from Mr. Rikel's earlier Declaration to an error in converting documents to electronic form. *See* ECF 141 at 2. The Court finds this explanation reasonable. Further, Defendant clarified the corrected Bates numbers, *id.*, and Mr. Rikel amended his Declaration to reflect the corrected Bates numbers. Importantly, Plaintiff possessed the correct records with the correct Bates numbers since March 8,

Additionally, Defendant provides no authority for his proposition that Mr. Rikel must explain his familiarity with the records beyond what he has already established. *See* ECF No. 134 at 2. At most Defendant's objection goes to the weight of authority given to the Declaration. *See Bryant*, 432 F.3d at 1123. And, in any event, Mr. Rikel does explain where Care Coordinators electronically document their services and notes, what information a log provides, and how a report relates to the log and documentation, *see* ECF No. 142 ¶¶ 2-3, which provides context for his lay opinion and indicates he has an understanding about the topic of his Declaration.

Second, while the Court cannot consider hearsay within an affidavit as part of its summary judgment analysis, *see Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1273 (10th Cir. 2021) (citing *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010)), the form of evidence need not be admissible provided that the substance is admissible at trial, *see Argo*, 452 F.3d at 1199.

The Court finds that the records Mr. Rikel relies upon are likely admissible under the business records exception to hearsay and that the information provided within those records is not hearsay. *See* Fed. R. Evid. 801(d)(2), 803(6). In his Declaration, Mr. Rikel describes the electronic record management system "where MHR staff members document services rendered to clients" as part of regularly conducted business activity. *See* ECF No. 142 ¶ 2. These records are made at or near the time that of the client interaction by an MHR staff member with knowledge, kept as part of regular business activity of MHR, and made as a regular part of the MHR's health care business. *See id.*; Fed. R. Evid. 803(6). Therefore, the Court can reasonably assume that at trial a record custodian can attest to these conditions for any related records provided as evidence.

---

2024. For these reasons, the Court finds Plaintiff's argument that Mr. Rikel's statement lacks personal knowledge to be meritless.

*See Argo*, 452 F.3d at 1199.

Regarding the data within the business records, in forming his lay opinion Mr. Rikel "reviewed all the entries made by the Plaintiff Courtney Spencer and by the nine additional Opt-In Plaintiffs in this case into the Client Services Listing[.]" ECF No. 142 ¶ 5. According to his sworn statement, Mr. Rikel solely relied upon entries that were made by Plaintiffs—statements made by the opposing party. *See id.*; Fed. R. Evid. 801(d)(2). Therefore, the records Mr. Rikel relied upon would be admissible at trial because, by falling under a hearsay exclusion, they are not hearsay. *See* Fed. R. Evid. 801(d)(2).

Third, the Court finds no reason to suspect that Mr. Rikel is not competent to testify, nor does Defendant suggest the Mr. Rikel is not competent to testify. Further, the Court may reasonably infer through his Declaration and position as Executive Director of MHR that he is competent to testify. *See Barthelemy*, 897 F.2d at 1018.

Because the above analysis clearly demonstrates that Mr. Rikel is providing his Declaration as a fact witness based on personal knowledge that would be admissible at trial, Plaintiff's argument that he is an improper expert witness is meritless and her request for sanctions is unwarranted. *See Bryant*, 432 F.3d at 1124.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Declarations of Susan Fackler and Brad Rikel [ECF No. 126] is **DENIED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE