## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

COURTNEY SPENCER,
individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

                                                Case No. 1:21-cv-00121-MIS-JMR

MENTAL HEALTH RESOURCES, INC.,

      Defendant.

### ORDER DECERTIFYING COLLECTIVE ACTION AND DISMISSING OPT-IN PLAINTIFFS WITHOUT PREJUDICE

THIS MATTER is before the Court on a <u>sua sponte</u> review of the record.  For the reasons that follow, the Court decertifies this matter as a collective action and dismisses the claims of the opt-in Plaintiffs without prejudice.

### I.     RELEVANT BACKGROUND

On February 12, 2021, Plaintiff Courtney Spencer filed a Complaint seeking unpaid overtime wages from her former employer, Defendant Mental Health Resources, Inc., under the Fair Labor Standards Act ("FLSA") (Count I) and New Mexico Minimum Wage Act ("NMMWA") (Count II).  ECF No. 1.  Plaintiff filed the Complaint as a putative collective action under the FLSA and as a putative class action under the NMMWA.  <u>See</u> <u>id.</u> ¶¶ 54-81.

On September 26, 2021, Plaintiff filed a Motion for Step-One Notice Pursuant to the Fair Labor Standards Act in which she requested conditional certification of a collective action under the FLSA.  ECF No. 19.  On August 1, 2022, the Court granted that Motion and conditionally certified a collective action on behalf of "[a]ll individuals employed by Defendant as Care Coordinators who received pay on a salary basis in the last three years."  ECF No. 28 at 12.  Since

then, nine additional plaintiffs have opted into the collective action, see ECF Nos. 35-2, 35-3, 35-4, 35-5, 36-1, 36-2, 36-3, 37-1, 38-1, while a tenth opt-in plaintiff has been dismissed with prejudice, ECF No. 92.

On May 16, 2024, United States Magistrate Judge Jennifer M. Rozzoni issued an Order establishing a July 18, 2024, deadline for "Plaintiffs' motion for class/collective action certification[.]"  ECF No. 101.

Plaintiff never filed a motion for final certification of a collective action under the FLSA and never filed a motion to certify a class under the NMMWA.

## II.      LEGAL STANDARD

Under the FLSA, an employee may bring a collective action on behalf of similarly situated employees as a remedy for violations of the FLSA.  29 U.S.C. § 216(b).  Under the ad hoc approach endorsed—but not mandated—by the Tenth Circuit, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"  Thiessen v. Gen. Elec. Cap. Corp., 267 F.3d 1095, 1102 (10th Cir. 2001).  A court's initial determination "decides whether a collective action should be certified for purposes of notifying potential class members."  Bustillos v. Bd. of Cnty. Comm'rs of Hidalgo Cnty., 310 F.R.D. 631, 662-63 (D.N.M. 2015).  In this initial stage, "the court does not decide the merits of the underlying claims or resolve factual disputes."  Id. at 647.

While the plaintiff bears the burden of proving she is "similarly situated" to other potential collective members, the burden is "not great."  Id. at 663.  The plaintiff "'need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'"  Id. (quoting Schwed v. Gen. Elec. Co., 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995)).  At this stage, a court "'requires nothing more than

substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Thiessen, 267 F.3d at 1102 (quoting Bayles v. Am. Med. Response of Colo., Inc., 950 F. Supp. 1053, 1066 (D. Colo. 1996), modified on recon., 962 F. Supp. 1346 (D. Colo. 1997)). "The court must determine whether the named and potential plaintiffs are 'similarly situated' based on the allegations in the complaint, which may be supported by sworn statements." Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 432 (D.N.M. 2018); see also Landry v. Swire Oilfield Servs., L.L.C., 252 F. Supp. 3d 1079, 1114 (D.N.M. 2017) (stating that a plaintiff "need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist."). If the plaintiff carries her burden, the Court may conditionally certify a collective action and facilitate notice to the potential opt-in plaintiffs that the action is pending. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172-73 (1989).

After the opt-in stage and the close of discovery, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" Thiessen, 267 F.3d at 1103. During the second stage of analysis, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required" before they commenced their lawsuit. Id. (internal quotation marks and citations omitted); see also Deakin, 328 F.R.D. at 432. This second stage is prompted by the plaintiffs' motion for final certification, the defendant's motion to decertify the collective action, or both. See id. at 1102-03 (observing that the second stage determination is "often prompted by a motion to decertify"); Halle v. W. Penn Allegheny

Health Sys. Inc., 842 F.3d 215, 226 (3d Cir. 2016) ("Upon conclusion of discovery, the parties will file motions seeking final certification or decertification of the collective action.").

At the second stage, the burden remains with the plaintiffs to establish that they are similarly situated.  Halle, 842 F.3d at 226 (stating that at the final certification stage "the named plaintiffs bear the burden of showing that the opt-in plaintiffs are 'similarly situated' to them for FLSA purposes"); Pruess v. Presbyterian Health Plan, Inc., __ F. Supp. 3d __, 2024 WL 3844965, at *18 (D.N.M. 2024) (same).  If the plaintiffs fail to carry their burden of showing that they are similarly situated, the court must decertify the collective action and dismiss the opt-in plaintiffs without prejudice.  Halle, 842 F.3d at 226.

## III.    DISCUSSION

Plaintiffs failed to file a motion for final certification of a collective action, and their deadline to do so has long since passed.[1]  See ECF No. 101 at 2 (establishing a deadline of July 18, 2024, for "Plaintiffs' motion for class/collective action certification").  Therefore, Plaintiffs have failed to satisfy their burden of proving that the opt-in Plaintiffs are similarly situated to the named Plaintiff, and the Court must decertify the collective action and dismiss the opt-in Plaintiffs' FLSA claims without prejudice.  Halle, 842 F.3d at 226.

## IV.    CONCLUSION

Accordingly, it is HEREBY ORDERED that:

**1.**  This matter is **DECERTIFIED** as a collective action; and

---

[1]       While it is equally true that Defendant did not file a motion to decertify the collective action, it is not the defendant's burden to prove that the opt-in plaintiffs are not similarly situated to the named plaintiff.  Rather, as previously stated, at the final certification stage, the burden remains with the plaintiffs to establish that they are similarly situated.  Halle, 842 F.3d at 226; Pruess, __ F. Supp. 3d __, 2024 WL 3844965, at *18.

**2.** The claims of all opt-in Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.


_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE